```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF KANSAS
 2

 3   UNITED STATES OF AMERICA,

 4        Plaintiff,

 5        v.                          Case No. 24-20047-DDC

 6   TYLER BROWN,                     Kansas City, Kansas
                                      Date:  May 23, 2024
 7        Defendant.
                                      (Pages 1-29)
 8
     .........................
 9
                            TRANSCRIPT OF
10        INITIAL APPEARANCE and CHANGE OF PLEA HEARING

11           BEFORE THE HONORABLE TERESA J. JAMES
             UNITED STATES MAGISTRATE COURT JUDGE
12

13                   A P P E A R A N C E S

14
     For the                   Ms. Faiza H. Alhambra
15   Plaintiff:                United States Attorney's Office
                               500 State Avenue
16                             Suite 360
                               Kansas City, Kansas 66101
17

18   For the                   Ms. Ellen Karp Comley
     Defendant:                Oberheiden, PC
19                             440 Louisiana Street
                               Suite 200
20                             Houston, Texas 77002

21

22

23

24   _____
               Proceedings recorded by machine shorthand,
25        transcript produced by computer-aided transcription.
```

24-20047   USA v. Tyler Brown   05.23.24                              2

1                (Called to order).

2                THE COURT:  Good afternoon.  Please be seated.

3                The court calls Case No. 24-20047, United States of

4     America v. Tyler Brown.

5                Could I have appearances of counsel, please.

6                MS. ALHAMBRA:  Good afternoon.  Faiza Alhambra for the

7     United States.

8                MS. COMLEY:  Good afternoon, Your Honor.  Ellen Comley

9     for Mr. Tyler Brown.

10               THE COURT:  Welcome.

11               MS. COMLEY:  Thank you.

12               THE COURT:  All right.  Good afternoon.  We are here

13    today for Mr. Brown's change of plea.

14               And I will be going through a long colloquy with you,

15    Mr. Brown.  I'll either need you to move the microphone very

16    close to you or if you prefer -- if you and your counsel prefer

17    to come up to the podium, whatever is best for you.  It's

18    lengthy so you might not want to come up.

19               Okay.  All right.  As long as we can hear each other

20    okay we'll go that way.

21               I apologize in advance.  I've got some allergy or cold

22    thing going, so sorry about the raspy voice.

23               All right.  Is the government ready to proceed?

24               MS. ALHAMBRA:  Yes, Your Honor.  And just as a

25    reminder, this is also his initial appearance so we need to

1    take care of that too.

2            THE COURT:  Okay.  All right.  Thank you.

3            Anything else for the defense before we get going?

4            MS. COMLEY:  No, Your Honor.

5            THE COURT:  All right.  All right.  Mr. Brown, before

6    the change of plea I do need to go through the initial

7    appearance with you.  This is not a trial.  If there is a

8    trial, that will occur at a later date.

9            Teddy, could you move that mic down?  I'm looking

10   right through the mic.

11           COURTROOM DEPUTY:  Yeah, sure.

12           THE COURT:  Perfect.  Thank you.

13           This is not a trial.  If there is a trial, it will be

14   held at a later date, but we will accomplish several things

15   today for your initial appearance.  I will inform you of your

16   constitutional rights in this case.  We'll deal with

17   recognizing that you have an attorney here with you today.

18   I'll inform you of the charges against you and the maximum

19   potential penalties if you're convicted, and then we'll talk

20   about the change of plea issues.

21           I will be asking you some questions, a number of

22   questions.  So at this time would you please stand and raise

23   your right hand to take an oath.

24                   (Defendant sworn).

25           THE COURT:  As I said, Mr. Brown, you do have certain

1    constitutional rights in this case.  You have the right to

2    remain silent.  You should keep in mind that anything you say

3    about the issues in the case against you or the charge against

4    you can and probably will be used against you either in today's

5    hearing, in a subsequent hearing before this court, or even in

6    a separate prosecution for perjury if you don't tell the truth.

7    So I want to caution you to be very careful about any

8    statements you make concerning the issues in the case and to

9    whom you make them.

10        Also in a case such as this you do have the right to

11   have a lawyer present with you during all questioning, both

12   inside and outside the courtroom.  If I were to determine you

13   can't afford to pay your own lawyer then we would appoint a

14   lawyer to represent you at the government's cost.

15        You understand you do have your attorney here with you

16   today, you have the right to have her here with you during this

17   proceeding, and certainly feel free to confer with her at any

18   time if you need to.  Do you understand that?

19        THE DEFENDANT:  I do understand, Your Honor.

20        THE COURT:  All right.  Now then I do need to ask you

21   some questions that go to your competence; that is, your

22   ability to understand and follow what we're doing here today.

23        THE DEFENDANT:  Okay.

24        THE COURT:  How old are you?

25        THE DEFENDANT:  I'm 44.

```
1              THE COURT:  And how far did you go in school?

2              THE DEFENDANT:  I have a doctorate degree.

3              THE COURT:  Juris doctorate?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  All right.  Have you consumed any

6     alcoholic beverages in the last 48 hours?

7              THE DEFENDANT:  I have not.

8              THE COURT:  Have you taken any drugs - prescription or

9     otherwise - in the last 48 hours?

10             THE DEFENDANT:  I have.

11             THE COURT:  Anything that would affect or impair your

12    ability to think clearly?

13             THE DEFENDANT:  No, ma'am.

14             THE COURT:  Have you been able to understand

15    everything I've said so far to you today?

16             THE DEFENDANT:  I do.

17             THE COURT:  Are you under the care of any doctor,

18    psychiatrist, or health care provider of any kind?

19             THE DEFENDANT:  I am.

20             THE COURT:  Anything having to do with your mental

21    health?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Okay.  Anything that -- are you having

24    anything done on the mental health front that might impair your

25    ability to understand what we're doing here today?
```

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Okay.  Do you know of any physical or

3    mental problem you have that might interfere with your ability

4    to understand what we're doing here today?

5          THE DEFENDANT:  No.

6          THE COURT:  Very good.

7          All right then, Mr. Brown, you are charged under an

8    information brought by the government, you're charged with one

9    count; that is that at all times -- well, you are charged with

10   racketeering conspiracy under 18 U.S.C. Section 1962(d).

11         And there are general allegations set out at the

12   beginning of the information, including activities involving

13   the International Brotherhood of Boilermakers Union and then it

14   goes through the enterprise of the conspiracy, the purposes of

15   the Boilermakers Union enterprise, the means and methods of the

16   Boilermakers Union enterprise and the racketeering conspiracy.

17         Do you understand the basic nature of the charges --

18   the charge against you?

19         THE DEFENDANT:  I do, Your Honor.

20         THE COURT:  Then I also need to make sure that you're

21   aware of the maximum potential penalties if you're convicted of

22   that charge.  Those could be a term of imprisonment of not more

23   than 20 years, a term of supervised release of not more than

24   three years, a fine not to exceed $250,000 or if any person

25   derives or derived a pecuniary gain from the offense or if the

1   offense results or resulted in pecuniary loss to a person other

2   than the defendant, then you may be fined not more than the

3   greater of twice the gross gain or twice the gross loss.

4   There's also a forfeiture provision and a mandatory special

5   assessment fee of $100.

6            All right.  And have we had the arraignment for Mr.

7   Brown?

8            MS. COMLEY:  No, we have not.

9            THE COURT:  Okay.  Would you like to proceed with that

10  now?

11           MS. COMLEY:  Yes, Your Honor.

12           THE COURT:  Okay.  How would he like to plead?

13           THE DEFENDANT:  Not guilty.

14           THE COURT:  All right.  And, Mr. Brown, have you been

15  provided a copy of the information?

16           THE DEFENDANT:  I have, Your Honor.

17           THE COURT:  And have you had sufficient time to review

18  the alleged charge in the information with your counsel?

19           THE DEFENDANT:  Indeed I have.

20           THE COURT:  Okay.  All right.  Then I will accept your

21  not guilty plea to the one and only count of the information

22  against you and that will be entered in the record.

23           Kind of the next administrative thing I need to do

24  before we proceed with the change of plea is inform you that I

25  am a magistrate judge.  There's a higher level judge in this

1    courthouse, district judge or district judges.  You have the

2    right if you wanted to to have this change of plea hearing

3    before a higher level judge, before a district judge.

4          You signed a consent form indicating you're willing to

5    proceed before me as a magistrate judge today.  Is that what

6    you wish to do?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  Very good then.  I will sign

9    the -- well, do we have the signed consent?

10          MS. COMLEY:  I don't believe we've signed it, yes,

11   Your Honor, but we're prepared to.

12          THE COURT:  Okay.  I have a form for you if you'll

13   come up and have that signed.

14          Thank you.

15          And the record will reflect that Mr. Brown and his

16   counsel have signed the consent to proceed with guilty plea

17   before a United States Magistrate Judge in a felony case and I

18   will sign and approve the consent.

19          All right.  Then one other kind of preliminary matter.

20   Mr. Brown, you understand that, if you chose to do so, you

21   would have the right to have this proceed -- this case proceed

22   on an indictment rather than an information.  Do you understand

23   that?

24          THE DEFENDANT:  I do, Your Honor.

25          THE COURT:  All right.  And, again, we don't have a

1   signed -- we do have the signed waiver of indictment.

2          So is it your desire, Mr. Brown, to waive the right to

3   prosecution by indictment and to consent to prosecution by

4   information today?

5          THE DEFENDANT:  It is.

6          THE COURT:  All right.  Very good.  Then I also will

7   approve the waiver of an indictment.

8          All right.  I think then we are ready to proceed with

9   the formal change of plea part of the proceeding today.

10          Unless, Ms. Alhambra, there's anything else before we

11   do that.

12          MS. ALHAMBRA:  I don't know if the court needs to

13   address it at this point.  The government is not seeking

14   detention in this case, we'd ask that he remain on release

15   pursuant to the standard conditions set by pretrial services.

16          THE COURT:  All right.  I have spoken with the

17   probation officer on the case and the court is not inclined to

18   require you to be detained today and I'm not going to impose

19   any supervision on you.

20          So, let's see, do we have a -- do we have the release

21   form, Teddy?

22          COURTROOM DEPUTY:  I do not.

23          THE COURT:  We probably should take care of that.

24          It's a good thing you're on top of things for us

25   today, Ms. Alhambra.

 1          MS. ALHAMBRA:  I try.

 2          THE COURT:  Let's go ahead and get started while we're

 3   waiting on that.

 4          Mr. Brown, you understand that we are here today for

 5   your change of plea; is that correct?

 6          THE DEFENDANT:  That's correct.

 7          THE COURT:  And, Ms. Comley, is your client here

 8   ready -- prepared to submit to the court a plea petition

 9   pleading guilty to Count 1 of the information?

10          MS. COMLEY:  Yes, Your Honor.

11          THE COURT:  And is he prepared to answer my questions

12   so that I can determine whether his plea is entered knowingly

13   and voluntarily?

14          MS. COMLEY:  He is, Your Honor.

15          THE COURT:  All right.  Very good.

16          Some of this will seem pretty redundant, Mr. Brown.

17   There are two reasons for that.  One, we ask you a lot of

18   different ways things to ensure that you understand the weight

19   and seriousness of what we're doing here today when you enter a

20   plea.

21          And secondly, it's also because we're at the same

22   time -- we just did your initial appearance and these related

23   things and now we're doing the change of plea, so there's some

24   overlap.  And I apologize, but please understand that the

25   reason we ask so many questions is to ensure that you

1   understand the significance of what we're doing here today.

2          THE DEFENDANT:  Sure.

3          THE COURT:  All right.  And we've already discussed

4   the fact that the information contains one charge, that is of

5   knowingly and intentionally committing racketeering conspiracy

6   in violation of 18 U.S.C. Section 1962(d).

7          And I will remind you that you are still under oath,

8   that you were sworn a few minutes ago.  Do you understand that?

9          THE DEFENDANT:  I do understand.

10          THE COURT:  Okay.  Very good.

11          Now, if you will please state your name, your age and

12   your highest level of education.

13          THE DEFENDANT:  My name is Tyler Brown.  I'm 44 years

14   old and I have a juris doctorate degree.

15          THE COURT:  And then I would normally ask you a number

16   of competence questions which we've already gone through.  Has

17   anything changed about your competence or ability to understand

18   what is happening here today since I asked you those questions

19   a few minutes ago?

20          THE DEFENDANT:  No, nothing has changed, Your Honor.

21          THE COURT:  All right.  And then on a related note,

22   are you fully satisfied with the counsel and representation

23   that Ms. Comley has provided you?

24          THE DEFENDANT:  I'm very satisfied.

25          THE COURT:  Okay.  And is it your desire to plead

1   guilty to Count 1 of the information today?

2          THE DEFENDANT:  It is, Your Honor.

3          THE COURT:  All right.  And, Ms. Comley, again, has

4   Mr. Brown received a copy of the information?

5          MS. COMLEY:  Yes, he has, Your Honor.

6          THE COURT:  And have you had sufficient time to review

7   the information and the charge against him?

8          MS. COMLEY:  I have.

9          THE COURT:  Thank you.  And I appreciate you standing

10  up, but you don't have to keep standing up.

11         MS. COMLEY:  Sure.

12         THE COURT:  Thank you.

13         All right.  Mr. Brown, how do you wish to plead today

14  to the charge of Count 1 in the information:  Guilty or not

15  guilty?

16         THE DEFENDANT:  Guilty.

17         THE COURT:  Do you understand in making your plea of

18  guilty that, in fact, you have the right to plead not guilty to

19  this charge instead.  And if you did so, you would be

20  guaranteed certain rights under the United States Constitution,

21  including the right to a speedy public trial by a jury and that

22  you would have the right to the assistance of a lawyer at every

23  stage of those proceedings?

24         THE DEFENDANT:  I understand.

25         THE COURT:  Do you also understand that if you chose

24-20047   USA v. Tyler Brown   05.23.24                                    13

1   not to plead guilty today you would have the right to see and

2   hear all witnesses that the government might call to testify

3   against you and also to cross examine those witnesses?

4          THE DEFENDANT:  I understand.

5          THE COURT:  Do you also understand that if you went to

6   trial you would have the right to use the power and process of

7   the court to compel the production of any evidence, including

8   the attendance of any witnesses in your favor?

9          THE DEFENDANT:  I understand.

10          THE COURT:  Do you also understand that if you had a

11   trial you would have the right not to be compelled to take the

12   witness stand and to testify and possibly incriminate yourself

13   and if you chose not to testify, the jury would be instructed

14   that no inference of guilt could be drawn from your failure to

15   testify?

16          THE DEFENDANT:  I understand.

17          THE COURT:  Do you also understand that at a trial

18   your innocence would be presumed until such time, if ever, as

19   the government came forward with sufficient evidence to

20   convince the jury and judge of your guilt beyond a reasonable

21   doubt?

22          THE DEFENDANT:  I understand, Your Honor.

23          THE COURT:  And do you understand that by entering a

24   plea of guilty to Count 1 of the information that you would be

25   waiving, that is giving up, your right to a trial on Count 1 of

1   the information?

2           THE DEFENDANT:  I do understand.

3           THE COURT:  Do you also realize that by entering a

4   plea of guilty you would be admitting all of the facts alleged

5   in the charge and you would be waiving or giving up your right

6   to a trial on the charge --

7           THE DEFENDANT:  Yes.

8           THE COURT:  -- there would be no further trial of any

9   kind, either to the court or to a jury?

10          THE DEFENDANT:  I understand.

11          THE COURT:  Do you also realize that even though you

12  plead guilty today that the court could still impose the same

13  punishment just as if you had pled not guilty, stood trial and

14  been convicted by a jury?

15          THE DEFENDANT:  I do.

16          THE COURT:  And although I just went over this a

17  moment ago, I want to remind you of the maximum potential

18  penalties that could be imposed if you're convicted of Count 1

19  of the information.  Those maximum potential penalties again

20  are not more than 20 years' imprisonment, not more than a

21  $250,000 fine or if any person derives a pecuniary gain from

22  the offense or if the offense resulted in a pecuniary loss to a

23  person other than you, then you might be fined not more than

24  the greater of twice the gross gain or twice the gross loss.

25  In addition, you could be sentenced to not more than three

1    years' supervised release and a $100 special assessment.

2         Do you understand all of that?

3         THE DEFENDANT:  I do, Your Honor.

4         THE COURT:  Do you also understand that as part of the

5    punishment in this case if there is restitution to be made, the

6    court could at the time of sentencing order that you make

7    restitution?

8         THE DEFENDANT:  Yes.

9         THE COURT:  I also want to advise you that the United

10   States Sentencing Commission has determined that certain

11   offenses such as this one should be subject to guideline

12   sentencing.

13        Have you and your attorney discussed the sentencing

14   guidelines and how those guidelines might apply to your case?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand that after a plea of

17   guilty such as this has been entered and you have been

18   convicted upon it, that the court will order a presentence

19   investigation report be made by the probation office and then

20   both you and the government will have an opportunity to

21   challenge any of the facts that are presented and reported by

22   the U.S. Probation Office?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Do you understand that the court will not

25   be able to tell you until after that presentence investigation

24-20047   USA v. Tyler Brown   05.23.24                16

 1    report is completed what the guideline sentencing would be that

 2    would be applicable to your case?

 3                THE DEFENDANT:  Yes.

 4                THE COURT:  And do you understand that after you have

 5    had a chance to challenge the report of the U.S. Probation

 6    Officer that the court may and is authorized in certain

 7    circumstances to depart from those guidelines either upward or

 8    downward?

 9                THE DEFENDANT:  Yes, I understand.

10                THE COURT:  Do you also understand that under some

11    circumstances both you and the government would have the right

12    to appeal any sentence that the court may impose under the

13    sentencing guidelines?

14                THE DEFENDANT:  Yes.

15                THE COURT:  And do you understand that under the

16    sentencing guidelines parole has been abolished, so that if you

17    are sentenced to any term of imprisonment you would not be

18    released on parole?

19                THE DEFENDANT:  Understood.

20                THE COURT:  Is this plea of guilty to Count 1 of the

21    information the result of any kind of plea agreement between

22    Mr. Brown, his attorney, and government counsel?

23                MS. ALHAMBRA:  Yes, Your Honor.

24                THE COURT:  Ms. Alhambra, would you please summarize

25    the terms of the plea agreement?

1          MS. ALHAMBRA:   The parties have submitted a plea

2    agreement pursuant to Federal Rule of Criminal Procedure

3    11(c)(1)(C).  I'll summarize those, but the full agreement is

4    provided in writing.

5          Section 1 provides that the defendant agrees to plead

6    guilty to Count 1 of the single count information charging a

7    violation of 18 U.S.C. Section 1962(d), that is racketeering

8    conspiracy.  The maximum penalties are laid out at -- in that

9    section.

10         Section 2 provides the factual basis for the guilty

11   plea which the government can return to in a moment.

12         Section 3 provides that the defendants *[sic]* propose

13   as an appropriate disposition of this case a sentence not to

14   exceed 60 months of imprisonment, that the defendant should be

15   sentenced pursuant to United States Sentencing Guideline

16   Section 2E1.1, giving him a base offense level of 19.  The

17   government agrees to recommend no fine, no forfeiture, no

18   restitution.  The defendant will pay a mandatory special

19   assessment of $100.  He agrees that he is bound from employment

20   by a labor union, ERISA fund, or any other position covered by

21   29 U.S.C. Sections 504 and 1111.

22         The government agrees not to file any additional

23   charges against the defendant arising out of the facts forming

24   the basis for the present information and to further recommend

25   that the defendant receive a two-level reduction for acceptance

1    of responsibility and a further one level if his offense level

2    is 16 or greater.

3            The parties seek this binding plea agreement as an

4    appropriate disposition of the case if the court agrees to be

5    bound by it.

6            Section 5 provides that the defendant's obligations --

7    or the government's obligations under this plea agreement are

8    contingent upon the defendant continuing to manifest an

9    acceptance of responsibility as more fully laid out in that

10   section.

11           Section 6 provides that the court has no obligation to

12   accept the proposed plea agreement and sentence.  It is solely

13   within the court's discretion whether to accept the proposed

14   binding plea as an appropriate disposition of this case.

15           Section 7 provides that if the court agrees to be

16   bound by the proposed plea agreement, the parties shall be

17   bound by the proposed agreement and the defendant will not be

18   permitted to withdraw his guilty plea.

19           Section 9 provides that the defendant knowingly and

20   voluntarily waives any right to appeal or collaterally attack

21   any matter in connection with his prosecution, his conviction,

22   or the components of the sentence to be imposed as more fully

23   laid out in that section.

24           And Section 14 finally provides that the defendant

25   agrees he has had sufficient time to review the case, the

1   evidence and this plea agreement, is fully satisfied with the

2   advice and representation his attorney has provided, and that

3   he is entering this plea because he is, in fact, guilty and he

4   is entering this plea freely, voluntarily and knowingly.

5          THE COURT:  Thank you, Ms. Alhambra.

6          Ms. Comley, does defense counsel agree with the terms

7   of the plea agreement as summarized by Ms. Alhambra?

8          MS. COMLEY:  Yes, we agree, Your Honor.

9          THE COURT:  Mr. Brown, in the agreement the government

10  agrees to make certain recommendations to the court, that is to

11  the district judge who will handle the sentencing.  But I want

12  you to understand that those are merely recommendations to the

13  court and I want you to understand that those are merely

14  recommendations, that the final determination on any of those

15  will be made by the court.  Do you understand that?

16         THE DEFENDANT:  I do.

17         THE COURT:  And so if the court for some reason should

18  not go along with the recommendations made by the government,

19  do you understand that you would have -- would not have the

20  right to withdraw your plea of guilty?

21         THE DEFENDANT:  Yes, I understand.

22         THE COURT:  Now, do you also understand that is --

23  this is what is known as an 11(c)(1)(C) plea agreement so that

24  if the court for some reason decides not to go along with the

25  recommendations made by the government, you would have the

1    right at that particular time to come back to court and

2    withdraw your plea of guilty?

3            THE DEFENDANT:  Yes.

4            THE COURT:  But again, pursuant to Paragraph 7 of the

5    plea agreement -- let me just read that to you because it is a

6    unique provision.

7            If the court announces that it will not be bound by

8    the proposed plea agreement, the parties agree that at that

9    time either party may withdraw the proposed plea agreement.

10   And if either does so, then all parties will be restored to the

11   positions they were in prior to the entry of the defendant's

12   plea.

13           If neither party elects to withdraw the proposed plea

14   agreement at the time the court announces that it will not be

15   bound and before the court proceeds with sentencing, then the

16   parties shall be bound by all the terms of the proposed plea

17   agreement and the defendant will not be permitted to withdraw

18   his guilty plea.

19           Do you understand that?

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  All right.  Other than what has just been

22   stated here in court by Ms. Alhambra, has anyone made any sort

23   of promise or inducement in order to get you to plead guilty

24   today?

25           THE DEFENDANT:  No.

1          THE COURT:  Has anyone forced or threatened you in any

2    way to get you to plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Are you telling me then that you are

5    entering this plea of guilty freely and voluntarily?

6          THE DEFENDANT:  I am.

7          THE COURT:  Are you also telling me that the only

8    reason you are entering a plea of guilty to Count 1 of the

9    information is because you are, in fact, guilty as charged?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand that the offense to

12    which you are pleading guilty is a felony offense so that if

13    your plea is accepted you will be adjudged guilty of the

14    offense -- of the offense and that such adjudication may

15    deprive you of valuable civil rights such as the right to vote,

16    the right to hold public office, the right to serve on a jury,

17    and the right to possess any kind of firearm?

18          THE DEFENDANT:  I understand.

19          THE COURT:  And do you understand that the sentence

20    would require you to pay a special assessment of $100?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Now, Mr. Brown, have you gone over with

23    your attorney the written plea petition to enter a plea of

24    guilty?

25          THE DEFENDANT:  Yes, I have.

1        MS. ALHAMBRA:  And, Your Honor, before we get into the

2   plea petition can we approach?

3        THE COURT:  Yes, you may.  Come on up.

4        (Due to technological issues, the bench conference was

5   held off the record).

6        THE COURT:  All right.  Mr. Brown, do you have any

7   questions at all about the plea petition?

8        THE DEFENDANT:  I do not, Your Honor.

9        THE COURT:  All right.  Do you understand that the

10  answers to the questions you have made in that plea petition as

11  well as the answers that you've given me here today were given

12  under oath?

13       THE DEFENDANT:  That's correct.

14       THE COURT:  Okay.  All right.  If he has not already

15  done so, Ms. Comley, he can go ahead and sign the plea

16  petition.

17       The record will reflect that Mr. Brown has signed

18  the -- has signed the plea petition and his counsel has signed

19  the certificate of counsel attached to it.

20       Now, Ms. Alhambra, would you please summarize the

21  factual basis or the evidence that the government would present

22  if this case went to trial?

23       MS. ALHAMBRA:  Yes.  The complete factual basis is

24  contained in Pages 2 to 6 of the plea agreement.  In summary

25  form, the defendant is pleading guilty to conspiring to violate

1   18 U.S.C. 1962(c) through a pattern of racketeering activities.

2        Essentially the racketeering contains five elements.

3   The enterprise as fully provided in the factual basis is a --

4   that Defendant Brown and others, known and unknown, constituted

5   an enterprise within the Boilermakers Union.

6        The Boilermakers Union represents more than 44,000

7   employees and several have industries within the United States

8   and that is -- satisfies the interstate commerce provision of

9   that statute.

10       Mr. Brown was an employee of the Boilermakers Union

11  and a member of that Boilermakers Union so he was either

12  employed or in association with that enterprise.

13       Mr. Brown was a special assistant to the president and

14  chief of staff, those were two critical positions to the

15  Boilermakers Union, and thus was conducting and participating

16  in the affairs of the enterprise within the Boilermakers Union.

17  His actions carrying out the directives of the international

18  president of the union to embezzle funds from the union form a

19  pattern and practice of racketeering.

20       The information in the statement of facts and factual

21  basis provided in the plea agreement provide numerous instances

22  of embezzlement from the Boilermakers Union in violation of

23  29 United States Code 501(c) over a sustained period of time.

24  501(c) is specifically identified as a racketeering activity

25  within 18 U.S.C. 1961.

24-20047   USA v. Tyler Brown   05.23.24                    24

```
 1              THE COURT:  Thank you.
 2              Again, Ms. Comley, do you disagree in any way with the
 3      factual summary provided by the government?
 4              MS. COMLEY:  I do not disagree, Your Honor.
 5              THE COURT:  All right.  Mr. Brown, do you have any
 6      disagreement with what the government has just said are the
 7      facts that support the charge against you?
 8              THE DEFENDANT:  I do not.
 9              THE COURT:  Are you admitting to me then, Mr. Brown,
10      that you did, in fact, do exactly what counsel for the
11      government has indicated?
12              THE DEFENDANT:  I am.
13              THE COURT:  And more specifically what is set out in
14      the plea agreement on Pages 2 through 6?
15              THE DEFENDANT:  Yes.
16              THE COURT:  All right.  And do you believe at the time
17      you did those things that you were mentally competent?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Did you realize at the time you did those
20      things that what you were doing was in violation of the law?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Do you understand that if you went to
23      trial on this charge, the government would have to prove each
24      and every element of this charge to the satisfaction of a jury
25      beyond a reasonable doubt?
```

1        THE DEFENDANT:  Yes, I understand.

2        THE COURT:  And have you gone over this matter and

3   your change of plea here today with Ms. Comley and have you

4   decided that what you want to do is to enter a plea of guilty

5   to Count 1 of the information?

6        THE DEFENDANT:  Yes, I have.

7        THE COURT:  Is this decision to enter a plea of guilty

8   your decision and not your attorney's decision?

9        THE DEFENDANT:  It is.

10       THE COURT:  Ms. Comley, do you know of any reason then

11   that Mr. Brown should not enter his plea of guilty to Count 1

12   of the information?

13       MS. COMLEY:  I do not, Your Honor.

14       THE COURT:  Ms. Alhambra, do you have any reservations

15   about the plea agreement?

16       MS. ALHAMBRA:  No, Your Honor.

17       THE COURT:  All right.  Then based upon all of your

18   answers presented to me today, Mr. Brown, as well as the plea

19   petition which you have signed under oath, I make the following

20   findings in the case of United States v. Tyler Brown: that the

21   defendant is fully competent and capable of entering an

22   informed plea; that he was competent at the time of the crime

23   charged; and that his plea of guilty is a knowing and voluntary

24   plea supported by an independent basis in fact containing each

25   essential element of the offense charged.

 1              His plea of guilty to Count 1 of the information is

 2     therefore accepted and he is now adjudged guilty of that

 3     offense.

 4              In addition, I order that the probation officers

 5     conduct a presentence investigation regarding Mr. Brown.

 6              And I remind you, Mr. Brown, that sentencing in your

 7     case is set for August 22nd at 1:30 p.m. before Judge Crabtree.

 8              In addition, as I alluded to earlier, Mr. Brown will

 9     be released on conditions of release.

10              As I said, Mr. Brown, you will not be subjected to

11     supervision by the U.S. Probation Office, but the following

12     conditions on your release will be imposed:  That you surrender

13     any passport to the U.S. -- to the Clerk of the U.S. District

14     Court; that you not obtain a passport or other travel --

15     international travel document; that you abide upon the

16     following restrictions on personal association, residence or

17     travel - that is that you remain in the United States; that you

18     not possess a firearm, destructive device or other weapon.  And

19     those are all of the conditions.

20              Do you agree to abide by those conditions, Mr. Brown?

21              THE DEFENDANT:  I do, Your Honor.

22              THE COURT:  Then there are also the standard

23     conditions of release which I did not read through, but they

24     are that you must not violate any federal, state or local law

25     while on release; that you will cooperate in the collection of

1    a DNA sample if it is authorized by statute; that you must

2    advise the court or the pretrial services office or supervising

3    officer in writing before making any change of residence or

4    telephone number; that you must appear in court as required

5    and, if convicted, surrender as directed to serve a sentence

6    the court may impose.

7            And we know that your next hearing will be your

8    sentencing before Judge Crabtree on August 22nd at 1:30 p.m.

9    So you'll need to be back to the courthouse for your change

10   of -- for your sentencing that day.

11           Is all that understood?

12           THE DEFENDANT:  It is understood, Your Honor.

13           THE COURT:  Okay.  Then I will sign the order setting

14   conditions of release.

15           And, Ms. Comley, if you'll come up and have Mr. Brown

16   sign the acknowledgment and also go over the penalties and

17   sanctions section included.

18           MS. COMLEY:  Sure.

19           THE COURT:  And, Ms. Alhambra, while defendant is

20   doing that I'll remind the government of its obligations under

21   the Due Process Protections Act.  And pursuant to *Brady versus*

22   *Maryland* and its progeny, the government is to provide all

23   exculpatory evidence to the defendant and remind the government

24   that failure to do so can result in serious consequences,

25   including but not limited to dismissal of charges and other bad

1    results.  Thank you.

2         And the record will reflect that Mr. Brown has signed

3    the acknowledgment of defendant on the order setting conditions

4    of release and I will sign that order directing that the

5    defendant be released after processing today.

6         All right.  That's a lot.

7         Anything else, Ms. Alhambra, for today?

8         MS. ALHAMBRA:  No, Your Honor.

9         THE COURT:  Ms. Comley?

10        MS. COMLEY:  No, Your Honor.

11        THE COURT:  All right.  All right.  Thank you all.

12        Mr. Brown, good luck to you.

13        THE DEFENDANT:  Thank you.

14        THE COURT:  Be sure and be on good behavior and I hope

15   all goes well going forward.

16        THE DEFENDANT:  Appreciate it.

17        THE COURT:  Thank you.  We'll be in recess.

18        (Proceedings concluded).

19

20

21

22

23

24

25

1                          * * *

2                  C E R T I F I C A T E

3      I certify that the foregoing is a correct transcript

4  from the record of proceedings in the above-entitled matter.

5      May 30, 2024.

6
                         /s/ Kelli Stewart _____
7                        KELLI STEWART, CSR, RPR, CRR, RMR
                         United States Court Reporter
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25